UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAUREANO GARCIA GODINEZ,
Petitioner,

v.

DAVID A. MARIN, et al.,
Respondents.

Case No. 5:26-cv-02552-FLA (AYP)

**ORDER ADOPTING IN PART AND DECLINING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [DKT. 14]; AND DENYING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1] WITH 30 DAYS' LEAVE TO AMEND**

## RULING

On May 11, 2026, Petitioner Laureano Garcia Godinez ("Petitioner," A# 245-765-188) filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241. Dkt. 1 ("Pet.").[1] Petitioner challenges his detention as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and applicable regulations, and requests his immediate release from immigration detention. *Id.* On August 12, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report"), regarding the Petition. Dkt. 28 ("Report").

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

For the reasons stated herein, the court ADOPTS in part and DECLINES TO ADOPT in part the Report. The Petition is DENIED with 30 days' leave to file a First Amended Petition. Respondents' Answer shall be due 21 days after any First Amended Petition is filed.

## BACKGROUND

Petitioner is a citizen of the United Mexican States ("Mexico"), who entered the United States with his wife and daughter, on or around January 26, 2024. Pet. at 2 ¶ 4. That same day, the United States Border Patrol encountered and arrested Petitioner, served Petitioner with a Form I-862 Notice to Appear, and released Petitioner under a Form I-220A Order of Release on Recognizance. Dkt. 27-1 (Castaneda Decl.) ¶¶ 5–6; Dkt. 27-4; Dkt. 10-1 (Petitioner's immigration record) at 3.[2] It is undisputed Petitioner is not subject to a final order of removal, and that Petitioner's removal proceedings are still pending before an Immigration Judge. Dkt. 27 (Joint Status Report) at 2; Dkt. 27-1 (Castaneda Decl.) ¶ 7.

On February 9, 2026, the Riverside County Sheriff's Office arrested Petitioner for violations of California Penal Code §§ 261 (rape), 136.1(b)(1) (attempting to prevent or dissuade a victim or witness of a crime from reporting that victimization to law enforcement), and 243(e)(1) (domestic battery). Dkt. 27-1 (Castaneda Decl.) ¶ 8; Dkt. 10-1 (Petitioner's immigration record) at 3. Petitioner states "[t]he criminal matter at issue never meaningfully progressed," and "[t]here has been no conviction, no adjudicat[ion] of guilt, no factual findings by a criminal court and judicial determination establishing that Petitioner poses any danger to the community." Dkt. 17 ("Reply") at 3. According to Petitioner, "the alleged victim herself subsequently

---

[2] Petitioner states he entered the country "lawfully seeking asylum," *id.* ¶ 3, but Petitioner does not state if or when he submitted a Form I-589 Application for Asylum and for Withholding of Removal to U.S. Citizenship and Immigration Services. *See* Pet. There is no evidence in the record to establish such an application was submitted and is pending currently. *See* Pet.; Dkt. 10-1 (Petitioner's immigration record).

clarified the circumstances, acknowledging that the incident arose from an isolated and emotional family dispute that was exaggerated in the heat of the moment," and "chose not to pursue the matter further." *Id.*

On April 19, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner and placed him in immigration detention, due to the pending criminal charges. Pet. at 3 ¶ 12; Dkt. 10-1 at 2 (erroneously identifying the date of arrest as April 19, 2025); Dkt. 27-1 (Castaneda Decl. ¶ 9).

## DISCUSSION

A writ of habeas corpus may be granted to any petitioner who demonstrates "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474 (2004). The petitioner "bears the burden of demonstrating that he is in custody in violation of the Constitution or laws or treaties of the United States." *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1159 (S.D. Cal. Oct. 1, 2025) (cleaned up).

"Petitioner challenges his detention as unlawful based on the following grounds (1), Respondents failed to comply with 8 C.F.R. § 241.13 prior to detaining him and revoking his release under the Order of Supervision; (2), such non-compliance violated his due process rights; and (3) his continued detention violates the Immigration & Nationality Act (INA), 8 U.S.C. § 123 (a)(1)-(3), and the Fifth Amendment Due Process." Pet. at 5 (errors in original). "Petitioner also claims that his continued detention violates due process and 8 U.S.C. § 1231(a) because his removal is not 'reasonably foreseeable' as contemplated in *Zadvydas v. Davis*, 533 U.S. 678, 682 … (2001)," and that his arrest and re-detention violate 8 C.F.R. § 241.4.

Pet. at 5, 8–9.

The Report finds "[8 U.S.C.] § 1231(a) does not apply to Petitioner's detention because he does not have a final order of removal," but recommends the court find Petitioner's detention is a violation of 8 U.S.C. § 1226(a). Report at 7.

8 U.S.C. § 1226(a) governs the arrest, detention, and release of aliens "pending a decision on whether the alien is to be removed from the United States." In contrast, 8 U.S.C. § 1231(a) and 8 C.F.R. §§ 241.4 and 241.13 govern the detention, release, and removal of aliens who are subject to final orders of removal. In *Zadvydas*, 533 U.S. at 701, the Supreme Court held the government may detain an alien subject to a final order of removal for up to six months reasonably and constitutionally, while working to effectuate his or her removal, and that "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.* As it is undisputed Petitioner is not subject to a final order of removal, 8 U.S.C. § 1231(a), 8 C.F.R. §§ 241.4 & 241.13, and the portion of *Zadvydas* cited and relied on by Petitioner do not apply to his arrest and detention.

The court, therefore, ACCEPTS and ADOPTS in part the Magistrate Judge's recommendation regarding § 1231(a), but DECLINES TO ADOPT in part the recommendation regarding § 1226(a), as Petitioner has not presented any arguments regarding that statute or established he is entitled to release on that basis. *See, e.g.*, *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present. To put it plainly, courts 'call balls and strikes'; they don't get a turn at bat.") (internal quotation marks and citations omitted). The Petition is DENIED for Petitioner's failure to establish he is in custody in violation of the Constitution or laws or treaties of the United States. *See Noori*, 807 F. Supp. 3d at 1159.

**CONCLUSION**

For the reasons stated, the court ACCEPTS and ADOPTS in part and DECLINES TO ADOPT in part the Report (Dkt. 28). The Petition (Dkt. 1) is DENIED with 30 days' leave to file a First Amended Petition. Respondents' Answer shall be due 21 days after any First Amended Petition is filed. Failure to file an amended pleading shall result in dismissal of the Petition.

IT IS SO ORDERED.

Dated: November 17, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge